■ In the Matter of HAROLD TAINES, Respondent-Appellant; GENE BARRY ONE HOUR PHOTO PROCESS, INC., Appellant-Respondent. HAROLD TAINES, Respondent-Appellant, v GENE BARRY ONE HOUR PHOTO PROCESS, Appellant-Respondent. — Judgment, Supreme Court, New York County (Arthur Lonschein, J.), entered on or about January 24, 1984, affirmed, without costs and without disbursements. Concur — Sandler, Sullivan and Ross, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I am in agreement with the majority in returning the amounts loaned by respondent. Respondent contributed $215,000 to the enterprise and will receive this amount back, plus interest.

I disagree with the majority's awarding to the respondent, in addition to that amount, $237,000, as fair value of his shares in the corporation. The court below arrived at this figure through its own calculations, not those of the petitioner or the respondent. While this is permissible, the court's interpretation of Business Corporation Law § 1118 seems inapposite.

A court may, under section 1118 (b), stay proceedings and value shares, but it is to be a valuation as of the day before the Business Corporation Law § 1104 (a) petition was filed. In this case that would be the value of the corporation as of August 27, 1981. Yet, in its evaluation, the court below calculates the value based on four stores, while only two were in operation as of that date. The other two were only in the planning stages and the company did not have the needed capital to support is planned expansion. In addition, the court assumed that the two contemplated stores would have the same cash flow as the one store, in a good location, already in operation, that had a cash flow of $20,000 per month. Although that could have occurred, it was a highly speculative assumption.

Due to the fact that the corporation had been formed seven months prior to the date the petition was filed, any valuation of the corporation as of that date is here at best mere speculation. Thus, the respondent should get out of the corporation only what he put in, in other words, the loans, plus the $15,000 contributed as equity. A court should not be forced arbitrarily to assign a value on mere speculation.

The Court of Appeals recently spoke on the subject of minority shareholders in a related area, freeze-out mergers. In *Alpert v 28 Williams St. Corp.* (63 NY2d 557, 573), the court said "[A] court

should view the transaction as a whole to determine * * * whether the minority shareholders were dealt with fairly".

Here, no evidence of unfairness is presented. When the respondent parted ways with the corporation, its value was primarily the contributions of its shareholders. The corporation was not worth much else. The corporation was attempting to market a quick photo process that was not exclusive in a highly competitive area, all of which required additional capital for expansion. The respondent's total contribution had been $230,000, being $215,000 in loans and $15,000 in equity. This amount is being returned to him.