HUDSON CITY SAVINGS INSTITUTION, Plaintiff, v PATRICIA A. DROSSOS, Individually and as Administratrix of the Estate of ANDREW DROSSOS, Also Known as ANDREAS D. DROSSOS, Deceased, et al., Defendants; CHARLES A. HAHN et al., Respondents; UNITED STATES OF AMERICA, Appellant.

Third Department, May 23, 1985

**APPEARANCES OF COUNSEL**

*Glenn L. Archer, Jr., Assistant Attorney-General (William S. Estabrook, Michael L. Paup* and *Farley P. Katz* of counsel), and *George H. Lowe, United States Attorney,* for appellant.

*Angelos Peter Romas* for respondents.

**OPINION OF THE COURT**

WEISS, J.

The sole issue in this case is whether an estate tax lien, arising upon a decedent's death in favor of the United States of America, extends to the full value of property owned by decedent and his spouse as tenants by the entirety or is limited to decedent's individual one-half interest.

The facts are not complicated. Decedent, Andrew Drossos, and his wife, Patricia Ann Drossos, owned real property as tenants by the entirety subject to a mortgage held by the Hudson City Savings Institution. After decedent died on May 9, 1979, the

mortgage became delinquent and the ensuing foreclosure sale resulted in surplus moneys in the sum of $27,303.68. In the surplus moneys proceeding, the referee initially reported that all interest in the real property passed to the surviving spouse. He therefore ruled that the claim of the United States, based on an estate tax lien (26 USC § 6324), could not attach to the surplus proceeds as they were not part of the estate. Upon the motion to confirm the report, Special Term determined that the government's tax lien had priority over judgment creditors as to one half of the surplus moneys, representing decedent's one-half interest in the property. Thereafter, Special Term confirmed the referee's amended report ordering, *inter alia,* one half of the surplus moneys held for the benefit of the United States. The Government has appealed.

Pursuant to the Internal Revenue Code, the lien of an estate tax automatically attaches to the gross estate of a decedent (26 USC § 6324 [a] [1]), without the necessity of either a filing or an assessment by the Internal Revenue Service (*see, Chevron v United States,* 705 F2d 1487, 1490). The pertinent provision in effect on the date of decedent's death provided that "the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse * * * except such part * * * shown to have originally belonged to such other person and never to have been received" by such person for less than adequate or full consideration (26 USC § 2040 [a]).[*] In its interpretation of the predecessor to this provision, the Supreme Court has held that the gross estate of a decedent includes the full value at death of all property owned by a decedent and any other person in joint tenancy or by the entirety (*United States v Jacobs,* 306 US 363, 365).

Accordingly, when decedent died on May 9, 1979, the lien for tax on his estate attached to his entire gross estate (26 USC § 6324 [a] [1]), including the full value of the property he held as a tenant by the entirety with his wife (*see, Detroit Bank v United States,* 317 US 329), and it was error for Special Term to have limited the United States' lien to only one half the surplus moneys resulting from the mortgage foreclosure. Finally, inasmuch as the judgment creditors have not appealed the subject order, and full relief may readily be rendered to the United

---

[*] The Internal Revenue Code contains certain exceptions not applicable to the instant case. The Code has been amended for estates of decedents who die after December 31, 1981. Under the new law, a decedent's estate includes only one half of the value of decedent's property held as a joint tenancy with his spouse (*see,* 26 USC § 2040).

States, the request by the judgment creditors for affirmative relief is unavailable (*see, Hecht v City of New York,* 60 NY2d 57, 60).

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as awarded the United States only one half of the surplus moneys after payment of the referee's fees; the entire surplus moneys after payment of the referee's fee are awarded to the United States; and, as so modified, affirmed.