■ In the Matter of JULIUS M. GERZOF et al., Appellants, v JACK COONS, Respondent.—In a proceeding, *inter alia,* pursu-

ant to Business Corporation Law § 1104-a to dissolve two closely held corporations, in which the majority shareholder, Jack Coons, elected to buy out the petitioners pursuant to Business Corporation Law § 1118, the petitioners appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated June 14, 1989, which granted the motion of Jack Coons to vacate or limit certain of the petitioners' discovery demands to the extent of directing him to only "permit access to and photocopying of all corporate books and records enumerated in the notice to depose for the three year period preceeding the statutorily established valuation date [and] likewise [to those] books and records enumerated in the subpoena duces tecum", and appointed a Referee to determine the fair value of their stock in the corporations.

Ordered that the order is modified, on the facts and as an exercise of discretion, by deleting the words: "for the three year period preceeding the statutorily established valuation date", and substituting therefor the words: "for the five-year period preceeding the commencement of this proceeding"; as so modified, the order is affirmed, without costs or disbursements.

While it is true that once the majority shareholder, Jack Coons, elected to buy out the petitioners pursuant to Business Corporation Law § 1118, the allegations of misconduct contained in the petition became "superfluous" with respect to whether the court should grant dissolution under Business Corporation Law § 1104-a, it cannot be said that they became "superfluous" for all purposes. It has been stated that the "[fair] value of [a] corporation should be determined on the basis of what a willing purchaser, in an arm's length transaction, would offer for the corporation as an operating business, rather than as a business in the process of liquidation" *(Matter of Blake v Blake Agency,* 107 AD2d 139, 146). "In reaching such a determination, the court obviously may take into account [any] shareholders' agreement provisions regarding value * * * petitioner's own offer to buy, the corporation's alleged efforts to sell the business earlier, *and any other pertinent evidence" (Matter of Pace Photographers [Rosen],* 71 NY2d 737, 748 [emphasis supplied]). "In various cases, courts may need to examine the compensation paid to a principal shareholder * * * the corporation's cash flow * * * or some other measure of corporate earnings" *(Matter of Blake v Blake Agency, supra,* at 147). The standard is a flexible one *(see, Matter of Endicott Johnson Corp. v Bade,* 37 NY2d 585, 587), provided that the method of valuation eventually adopted "is

based upon recognized criteria and the facts of the case" *(Matter of Taines v Barry One Hour Photo Process,* 123 Misc 2d 529, 534, *affd* 108 AD2d 630).

Accordingly, the question as to whether the alleged misconduct by Coons, if proven, adversely impacted upon the "fair value" of the corporation, should be developed by expert testimony before the Referee for his consideration and determination in accordance with accepted valuation methodologies.

In light of this determination, the petitioners are entitled to the requested disclosure. However, we have limited disclosure to the five years immediately prior to the date this proceeding was commenced rather than the nearly 30-year time span sought by the petitioners. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.