■ In the Matter of ROBERT MALVICA, Respondent-Appellant; MID-ISLAND RADIOLOGY ASSOCIATES, P. C., Appellant-Respondent.—In a proceeding pursuant to Business Corporation Law § 1104-a, the appeal and the cross appeal are from a judgment of the Supreme Court, Nassau County (McCabe, J.), entered April 18, 1989, which, after a hearing, *inter alia,* granted the petitioner judgment in the sum of $131,715.12, and held that the petitioner was entitled to attorneys' fees.

Ordered that the judgment is affirmed, with costs to the petitioner.

Pursuant to an employment contract with Mid-Island Radiology Associates, P. C. (hereinafter Mid-Island), a professional corporation whose shareholders are physicians engaged in the practice of radiology, the petitioner, also a physician, agreed to work for Mid-Island for five years. Under the contract, at the expiration of that five-year period, the petitioner was to have the option of purchasing 20% of the outstanding shares of Mid-Island, at the "book value" of the shares. At the time of the purchase, the petitioner was to receive a salary equal to that received by each of the other shareholders.

By stipulation, the parties have agreed that the aforementioned option should be deemed to have been exercised by the petitioner. Also by stipulation, Mid-Island elected, under Business Corporation Law § 1118, to purchase the petitioner's shares. The parties agreed to submit the question of the fair value of those shares to the court *(see,* Business Corporation Law §§ 1104-a, 1118).

In its determination of fair value, the hearing court, relying on the testimony of the petitioner's expert, considered, among other factors, the compensation received by the four principals of Mid-Island during the years encompassed by the petitioner's employment contract. Under the circumstances of this case, this was proper *(see, Matter of Blake v Blake Agency,* 107 AD2d 139, 147).

Contrary to Mid-Island's contention, the court's holding that the petitioner is entitled to attorneys' fees was not an improvident exercise of discretion (see, Business Corporation Law § 1118 [c] [1]).

The petitioner asserts that the Supreme Court should not have discounted the fair value of the shares at issue to reflect their limited marketability. This contention is without merit (see, Amodio v Amodio, 70 NY2d 5; Matter of Joy Wholesale Sundries, 125 AD2d 310). Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.