■ BRIGITTE M. GARRISON-HORGAN, Appellant, v FRANCIS J. HORGAN, JR., Respondent. [651 NYS2d 774] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties were married on October 2, 1982, and physically separated in September 1993. There are no children of the marriage. On December 16, 1993, plaintiff commenced this action for a divorce. After a trial, Supreme Court granted plaintiff a divorce and decreed that defendant convey his interest in the marital residence, valued at $150,000, to plaintiff,

that plaintiff assume responsibility for payment of the mortgages on the property totaling approximately $48,000, and that she pay defendant $35,000, representing his net interest in the property. The court determined that plaintiff was not entitled to an interest in defendant's pension, which began to accrue in 1964, and that defendant was not entitled to an interest in a Ph.D. degree that plaintiff had obtained during the marriage, nor to her pension that began accruing in 1993. The court found that defendant's pension and plaintiff's degree were marital property and that the value of defendant's interest in plaintiff's degree was at least as much as the value of plaintiff's interest in defendant's pension; it therefore made no award with respect to either asset. Plaintiff appeals from that part of the judgment that denied her an interest in defendant's pension, and required her to pay $35,000 for defendant's interest in the marital residence and to assume the responsibility for the mortgages on the property.

The court determined that plaintiff's degree had enabled plaintiff to double her income potential but made no calculation of the value of the degree. Further, the record is barren of any evidence regarding plaintiff's equitable interest in defendant's pension, which continued to accrue during the parties' 11-year marriage (see, *Majauskas v Majauskas*, 61 NY2d 481). In the absence of evidence of value of either asset, the court erred in setting off the value of plaintiff's interest in defendant's pension against the value of defendant's interest in plaintiff's degree. Because we cannot determine the value of either defendant's pension or plaintiff's degree from the record before us, we remit the matter to Supreme Court for that purpose (see, *Dempster v Dempster*, 204 AD2d 1070, 1071; *Gorzalkowski v Gorzalkowski*, 190 AD2d 1067; *Norgauer v Norgauer*, 126 AD2d 957, 958). We also remit for the court to consider the tax consequences to the parties resulting from the distribution of marital property, as required by Domestic Relations Law § 236 (B) (5) (d), (g) (see, *Gorzalkowski v Gorzalkowski, supra*, at 1067; *Woertler v Woertler*, 110 AD2d 947, 948-949).

Further, although we see no error in the method by which the court valued defendant's share of equity in the marital residence, it is nevertheless necessary to vacate that part of the judgment. On remittal, the court may find it necessary to adjust that figure in light of its valuation and of other marital assets.

The contention of plaintiff that the court "ignored" her request for attorney's fees is without merit. The court's failure to rule on her claim for attorney's fees is deemed a denial of

the claim (see, *Dillabough v General Acc. Ins. Co.*, 199 AD2d 1056). Such denial was not an abuse of discretion given the parties' relatively equal economic positions and the fact that plaintiff failed to submit any proof of the reasonable value of her attorney's fees (see, *McLane v McLane*, 209 AD2d 1001, 1002, *lv dismissed* 85 NY2d 924).

We have examined plaintiff's remaining contention and conclude that it is without merit.

We therefore modify the judgment by vacating the second, third and fifth decretal paragraphs and remit the matter to Supreme Court for a further hearing and for appropriate findings of fact and conclusions of law. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Equitable Distribution.) Present—Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.