■ In the Matter of ROBERT DAVIS, Respondent, v ALPHA PACKAGING INDUSTRIES, INC., et al., Appellants. [700 NYS2d 220] —In a proceeding, *inter alia,* pursuant to Business Corporation Law § 1104-a for dissolution of a corporation, Alpha Packaging Industries Inc., David Zaretsky, Michael Zaretsky, and Steven Zaretsky appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (LaFauci, J.H.O.), entered March 10, 1999, as, upon finding grounds for dissolution, was in favor of the petitioner and against them in the principal sum of $816,120.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This is a proceeding to dissolve Alpha Packaging Industries, Inc. (hereinafter Alpha), a closely-held corporation engaged in the manufacture of cardboard boxes. The petitioner, Robert Davis, alleged that the majority shareholder, David Zaretsky, and his two sons acted oppressively to freeze him out of the corporation. The respondents asserted as an affirmative defense that "The corporate defendant has elected to purchase the Petitioner's shares if the Court finds that there is any basis for dissolution". A trial was held at which evidence was adduced both as to the petitioner's allegation and the value of Alpha. At the conclusion of the trial, the court directed, *inter alia,* that the petitioner's shares be purchased for the sum of $816,120. The purchase price was made recoverable from Alpha and the individual respondents, David Zaretsky and his sons. The respondents contend that this was error since the corporation had made a timely election to purchase the shares. We disagree.

An election by a corporation to purchase the shares of a minority stockholder upon a petition for dissolution must be clear, unequivocal, and unconditional in order to relieve that stockholder of the burden of proving oppression (*see, Matter of*

*Pace Photographers,* 71 NY2d 737; *Matter of Apple,* 224 AD2d 1016). At bar, the so-called election was clearly conditioned on a finding by the court of grounds for dissolution. It was therefore properly treated as a nullity by the court which, after finding grounds for dissolution, fashioned the appropriate alternative remedy of directing that the petitioner's shares be purchased for the sum of $816,120 (*see, e.g., Wolff v Wolff,* 112 AD2d 850; *Matter of Wiedy's Furniture Clearance Ctr. Co.,* 108 AD2d 81).

With regard to valuation, the determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of the witnesses and their valuation techniques (*see, Matter of North Star Elec. Contr.—N. Y. C. Corp.,* 174 AD2d 373; *see also, Matter of Penepent Corp.,* 198 AD2d 782, 783). The trial court's valuation of Alpha and of the petitioner's shares is supported by the evidence. The respondents' contrary interpretations of fact and the credibility of witnesses do not warrant disturbing the court's determination.

The respondents' remaining contentions are without merit. Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.