■ BRIGITTE M. GARRISON-HORGAN, Appellant, v FRANCIS J. HORGAN, JR., Respondent. (Appeal No. 1.) [709 NYS2d 314] —Amended judgment unanimously modified on the law and as

modified affirmed without costs in accordance with the following Memorandum: Plaintiff contends that Supreme Court erred in failing to credit her for pre-divorce payments she made on the marital residence after defendant's departure therefrom in 1993. We agree. On a prior appeal, we found "no error in the method by which the court valued defendant's share of equity in the marital residence" (Garrison-Horgan v Horgan, 234 AD2d 957, 958). In valuing defendant's share, the court had reduced it by $15,000 based on plaintiff's reduction of the principal of the two mortgages on the residence and other payments on the residence since defendant's departure. Because we remitted the matter for valuation of other marital assets, we vacated the valuation of defendant's share of equity in the marital residence to enable the court to adjust it if necessary in light of the court's valuation of the other marital assets (Garrison-Horgan v Horgan, supra, at 958). Because no additional evidence was presented on remittal regarding plaintiff's pre-divorce credit, the court erred in eliminating it.

We reject the contention of plaintiff that the value of defendant's share of the marital residence should be further reduced as a result of her post-divorce payments on the residence. We previously rejected the contention of plaintiff that the court erred in directing her to assume liability for the existing mortgages. We likewise reject the contention of plaintiff that the court erred in determining her enhanced earning capacity as a result of the PhD and administrative certificate earned by her during the course of the marriage. In determining plaintiff's enhanced earning capacity, the court properly considered plaintiff's actual salary as a school vice principal (see, Kessler v Kessler, 212 AD2d 1038).

We have reviewed plaintiff's remaining contentions and conclude that they are without merit. We therefore modify the amended judgment by providing in the second decretal paragraph that plaintiff shall pay to defendant the sum of $33,000 for defendant's share of equity in the marital residence. (Appeal from Amended Judgment of Supreme Court, Oneida County, Tenney, J.—Matrimonial.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.