■ In the Matter of COLLISION DEPOT, INC., KENAL MOTORS, Doing Business as COLLISION DEPOT, and 600 ATLANTIC AVE-

nue Corp. Robin Lessman, Appellant, v Robert Zigman, Also Known as EPA Auto Body, et al., Respondents. [742 NYS2d 856] —In a proceeding pursuant to Business Corporation Law § 1104-a to dissolve three closely held corporations, where the respondents have elected to purchase the shares owned by the petitioner's decedent pursuant to Business Corporation Law § 1118, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered December 22, 2000, which, upon an order of the same court, entered August 3, 2000, determined the aggregate fair value of the petitioner's decedent's shares in the three corporations as of September 7, 1999, to be $48,040.

Ordered that the judgment is affirmed, with costs.

The determination of a fact finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where the valuation rests primarily on the credibility of the expert witnesses and their valuation techniques (see Matter of Davis v Alpha Packaging Indus., 267 AD2d 384; Dempster v Dempster, 236 AD2d 582). The Supreme Court's determination of the fair value of the shares of stock of the petitioner's decedent in the three closely held corporations is supported by the record. The petitioner's contrary interpretation of the facts and credibility of the witnesses does not warrant disturbing the Supreme Court's determination (see Matter of Davis v Alpha Packaging Indus., supra; Matter of Funplex, Inc., 252 AD2d 923).

The petitioner's remaining contentions are without merit. Santucci, J.P., Altman, McGinity and Adams, JJ., concur.