In the Matter of USA NUTRITIONALS, INC. LAWRENCE SAYAGE, Respondent; GARY HARLEM et al., Appellants. [761 NYS2d 524] —In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely-held corporation, where there has been an election to purchase the shares owned by the petitioner, Lawrence Sayage, pursuant to Business Corporation Law § 1118, Gary Harlem, Body Break-

through, Inc., Corey Lichter, and USA Nutritionals, Inc., appeal from (1) a referee's report dated November 26, 2001, made after a hearing, (2) an undated decision of the Supreme Court, Nassau County (McCarty, J.), and (3) an order and judgment (one paper) of the same court, entered April 24, 2002, which, upon the decision, inter alia, granted the petitioner's motion to confirm the Referee's report, denied their cross motion to reject the referee's report, and is in favor of the petitioner and against them in the principal sum of $333,802.

Ordered that the appeal from the Referee's report is dismissed (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where the valuation rests primarily on the credibility of the expert witnesses and their valuation techniques (*see Collision Depot v Zigman,* 294 AD2d 497, 498 [2002]; *Matter of Davis v Alpha Packaging Indus.,* 267 AD2d 384 [1999]; *Dempster v Dempster,* 236 AD2d 582 [1997]). Contrary to the appellants' contention, the Supreme Court's determination as to the fair value of the petitioner's shares of stock in the subject corporation is supported by the evidence (*see Matter of Davis v Alpha Packaging Indus., supra*).

The appellants' remaining contentions are without merit. Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.