■ In the Matter of ROBERT W. CARTER, DDS, and ANTHONY J. CARTER, DDS, P.C. ANTHONY J. CARTER, Respondent; ROBERT W. CARTER, Appellant. [769 NYS2d 393]—

In a proceeding, inter alia, to dissolve a corporation, the appeal is from a judgment of the Supreme Court, Richmond County (Dollard, R.), dated April 6, 2001, which, upon finding grounds for dissolution, is in favor of Anthony J. Carter and against Robert W. Carter in the principal sum of $114,383.09. By decision and order of this Court dated June 24, 2002, the matter was remitted to the Supreme Court, Richmond County, for the Referee to set forth the findings of fact and conclusions of law that formed the basis of his award, and the appeal was held in abeyance in the interim (*see Matter of Carter,* 295 AD2d 617 [2002]). The Supreme Court has filed its report.

Ordered that the judgment is affirmed, with costs.

The appellant contends that the Referee's valuation of the parties' dissolved corporation is not supported by the record, and claims that it should be reduced.

"The determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" (*Matter of Ashford Mgt. Group,* 261 AD2d 863 [1999] [internal quotation marks omitted]). "[T]he method of valuation eventually adopted '[must be] based upon recognized criteria and the facts of the case'" (*Matter of Gerzof v Coons,* 168 AD2d 619, 620-621 [1990] [internal quotation marks omitted]).

We agree with the appellant's contention that the Referee's valuation is not supported by the record insofar as he applied a "multiplier" of .5 to the gross revenue valuation agreed upon by the parties' experts. A "multiplier" of .5 is outside the range of .8 and 1.0, the former provided by the appellant's expert, and the latter provided by the petitioner's expert. However, since application of a "multiplier" within the range provided by the

parties' experts would only serve to increase the judgment in petitioner's favor, and we reject the remaining arguments proffered by the appellant, we find no reason to disturb the judgment. We note that the petitioner failed to appeal from the judgment and, therefore, the affirmative relief sought by him in the ultimate form of an increase in the award in his favor is not available (*see Shabtai v City of New York*, 308 AD2d 532 [2003]; *Lerer v City of New York*, 301 AD2d 577 [2003]; *Hudson City Sav. Inst. v Drossos*, 108 AD2d 410 [1985]). Prudenti, P.J., Ritter, McGinity and Townes, JJ., concur.