■ In the Matter of MARTIN DeANGELIS, Respondent, v AVC SERVICES, INC., Appellant. [871 NYS2d 290]—

The petitioner is a minority shareholder of the respondent corporation, AVC Services, Inc. (hereinafter AVC), which is a private, closely held corporation formed to manage a veterinary medicine practice. Following a dispute, the petitioner commenced the instant proceeding, seeking the dissolution of AVC. After AVC elected to purchase the petitioner's shares of stock in the corporation (hereinafter the shares) (*see* Business Corporation Law § 1118 [a]), a valuation hearing was held before a judicial hearing officer (hereinafter JHO) to determine their fair value (*see Matter of Penepent Corp.*, 96 NY2d 186 [2001]).

At the hearing, the petitioner's retained expert Eve Munsky testified, inter alia, that AVC's books and records were difficult to understand because the compensation of the officers of the corporation was paid through a variety of companies owned by Dr. Victor Rendano, a 50% shareholder in AVC. The JHO

declined to qualify Munsky as an expert in the valuation of businesses, and she neither determined the value of the shares, nor testified with respect to that issue. AVC's expert testified that he had examined the financial records provided to him by AVC's president, and he concluded that the value of the shares was zero.

The JHO found that AVC's expert failed to address the issue of certain sums of money paid to the various companies owned by Rendano for equipment rental, veterinarians' salaries, and rental of the building housing AVC's clinic. The JHO found that the petitioner's shares were worth $625,000.

The determination of a factfinder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where the valuation rests primarily on the credibility of the expert witnesses and their valuation techniques (*see Matter of Collision Depot, Kenal Motors v Zigman*, 294 AD2d 497, 498 [2002]; *Matter of Davis v Alpha Packaging Indus.*, 267 AD2d 384 [1999]; *Dempster v Dempster*, 236 AD2d 582 [1997]). Fair value, being a question of fact, will depend upon the circumstances of each case, and there is no single formula for mechanical application (*see Matter of Seagroatt Floral Co. [Riccardi]*, 78 NY2d 439 [1991]; *Matter of Cohen v Four Way Features*, 240 AD2d 225 [1997]). However, "the method of valuation eventually adopted [must be] 'based upon recognized criteria and the facts of the case' " (*Matter of Gerzof v Coons*, 168 AD2d 619, 620-621 [1990], quoting *Matter of Taines v Barry One Hour Photo Process*, 123 Misc 2d 529, 534 [1983], *affd* 108 AD2d 630 [1985]).

Here, the record does not show, nor did AVC's expert explain, the financial relationship between AVC and the various corporations owned by Rendano. The absence of this information makes it impossible to determine what compensation was paid to the other shareholders, which, under the circumstances of this case, is necessary in order to determine what AVC is worth (*see Matter of Malvica [Mid-Island Radiology Assoc.]*, 170 AD2d 681 [1991]). Therefore, the JHO properly rejected the opinion of AVC's expert that the petitioner's shares had zero value. However, the JHO did not explain how he determined that the petitioner's shares were worth $625,000, nor is this figure supported by the evidence in the record.

Consequently, inasmuch as the record is insufficient to determine the value of AVC's shares, we remit the matter to the Supreme Court, Westchester County, for a new hearing on the issue of the fair value of the petitioner's shares in AVC, and a new determination thereafter (*see Cerretani v Cerretani*, 221

AD2d 814 [1995]; *Dempster v Dempster*, 204 AD2d 1070 [1994]; *see also Garrison-Horgan v Horgan*, 234 AD2d 957 [1996]). Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.