In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely held corporation, where there has been an election to purchase the shares owned by the petitioner pursuant to Business Corporation Law § 1118, Finest Food Distributing Co., N.Y., Inc., appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered January 20, 2012, which, upon a decision of the same court, dated November 3, 2011, made after a hearing, is in favor of the petitioner and against it in the principal sum of $1,287,000, and the petitioner cross appeals, on the ground of inadequacy, from the same judgment.
Ordered that the judgment is affirmed, without costs or disbursements.
“The determination of a fact-finder as to the value of a busi *851 ness, if it is within the range of testimony presented, will not be disturbed on appeal where the valuation rests primarily on the credibility of the expert witnesses and their valuation techniques” (Matter of USA Nutritionals, 306 AD2d 490, 491 [2003]). Contrary to the contention of First Food Distributing Co., N.Y., Inc. (hereinafter the corporation), the Supreme Court’s determination as to the fair value of the petitioner’s shares in the subject corporation is supported by the evidence (see e.g. id.).
The petitioner’s contention that he is entitled to additional sums in light of the salaries and disbursements that were paid to the corporation’s officers in certain past years is without merit. These salaries and disbursements were accounted for in the petitioner’s expert’s valuation of the petitioner’s shares in the corporation, which was adopted by the Supreme Court. Rivera, J.E, Lott, Roman and Hinds-Radix, JJ., concur. [Prior Case History: 2011 NY Slip Op 33256(U).]