■ Nilva Ruggiero, Individually and as Executrix of Anthony Ruggiero, Deceased, Appellant, v Pasquale Ruggiero et al., Respondents. [40 NYS3d 169]—

In an action, inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, and for an accounting, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Pines, J.), entered December 9, 2013, as, upon a decision of the same court dated July 29, 2013, made after a hearing, and upon an order of the same court dated October 18, 2013, is in favor of her and against the defendants in the principal sum of only $238,885.75.

Ordered that the judgment is modified, on the law and the facts, by increasing the award to the plaintiff from the principal sum of $238,885.75 to the principal sum of $394,905.75; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, the order dated October 18, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.

The decedent and his brother, the defendant Pasquale Ruggiero (hereinafter Pasquale), owned equal shares of the defendant 784 8th Street Corp., doing business as Zan's Kosher Delicatessen & Restaurant (hereinafter Zan's). After the decedent's death, his widow, the plaintiff Nilva Ruggiero, commenced this action, individually and on behalf of the decedent's estate, to recover damages for breach of fiduciary duty and unjust enrichment, and for an accounting. The plaintiff and Pasquale agreed that the Supreme Court would conduct a hearing to determine the value of Zan's, decide which party would purchase the other party's interest in the business, and, at a later date, based on their submissions, determine whether the plaintiff or Pasquale was entitled to any credits for amounts due and owing to the other party. After conducting a hearing

on valuation, the court rendered a decision dated July 29, 2013, valuing Zan's as of the decedent's death and determining that Pasquale should be entitled to purchase the shares of Zan's owned by the decedent's estate. In an order dated October 18, 2013, the court awarded credits to the plaintiff and Pasquale, and determined that the plaintiff was entitled to a judgment in the principal sum of $238,885.75. The plaintiff appeals from so much of the judgment as awarded her that amount, arguing that the court's valuation of Zan's should be rejected and that it erred in calculating certain credits due each party.

"The determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where the valuation rests primarily on the credibility of the expert witnesses and their valuation techniques" (*Matter of USA Nutritionals*, 306 AD2d 490, 491 [2003]). Where conflicting expert testimony is presented, the trier of fact is entitled to accept one expert's opinion and reject that of another, and the trier of fact's resolution of the credibility of conflicting expert testimony is entitled to great weight (*see Saccone v Gross*, 84 AD3d 1208, 1209 [2011]; *Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *Segal v City of New York*, 66 AD3d 865, 867 [2009]). Here, the Supreme Court's determination of the value of Zan's as of the date of the decedent's death is supported by the record.

However, the Supreme Court erred in crediting the plaintiff the sum of only $108,730, representing approximately half the outstanding balance of a loan she personally made to Zan's. An agreement entered into between the plaintiff, the decedent, and Pasquale contained a condition precedent to the plaintiff assigning the loan to the decedent and Pasquale, which never occurred. Accordingly, the plaintiff, in her individual capacity, was entitled to a credit in the sum of $216,000, representing the entire outstanding balance of the loan.

The Supreme Court also erred in crediting Pasquale $48,750, representing the proceeds from the decedent's life insurance policy that named the plaintiff or the decedent's daughter as beneficiary. The shareholders' agreement that the court relied on to support this credit concerned a corporate entity that ceased doing business prior to the decedent's death, and that agreement clearly terminated when that corporation ceased doing business.

The plaintiff's remaining contentions are without merit.

Accordingly, since the plaintiff was entitled to a credit in the sum of $216,000 rather than a credit in the sum of $108,730, the Supreme Court should have awarded the plaintiff the

principal sum of $394,905.75. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.