Matter of Derderian v Nissan Lift of N.Y., Inc. (2021 NY Slip Op 01770)





Matter of Derderian v Nissan Lift of N.Y., Inc.


2021 NY Slip Op 01770


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-06452
 (Index No. 607662/15)

[*1]In the Matter of Paul Derderian, appellant,
v
Nissan Lift of New York, Inc., etc., respondent.


Joseph J. Haspel, Goshen, NY, for appellant.
Cohen, LaBarbera & Landrigan LLP, Chester, NY (Phillip C. Landrigan of counsel), for respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to Business Corporation Law §§ 1104(a) and 1104-a for judicial dissolution of a closely held corporation, where there has been an election to purchase the shares owned by the petitioner pursuant to Business Corporation Law § 1118, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered April 27, 2018. The judgment, insofar as appealed from, adjudged that the fair value of the petitioner's shares of stock in Nissan Lift of New York, Inc., doing business as Infiniti Handling Systems, is zero.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner is a 50% shareholder in the respondent Nissan Lift of New York, Inc., doing business as Infiniti Handling Systems (hereinafter the corporation), a closely held corporation which, among other things, sells, services, and rents forklifts. Following a dispute, the petitioner commenced this proceeding, inter alia, pursuant to Business Corporation Law §§ 1104(a) and 1104-a for judicial dissolution of the corporation. After the corporation elected to purchase the petitioner's shares of stock (see Business Corporation Law § 1118[a]), a valuation hearing was held to determine the fair value of the petitioner's stock. After a hearing, the Supreme Court found that the petitioner's shares had zero value. A judgment was entered on April 27, 2018. The petitioner appeals.
"The determination of a factfinder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where the valuation rests primarily on the credibility of the expert witnesses and their valuation techniques" (Matter of DeAngelis v AVC Servs., Inc., 57 AD3d 989, 991; see Matter of Wright v Irish, 156 AD3d 803).
Here, the Supreme Court's determination that the fair value of the petitioner's shares in the corporation was zero is supported by the evidence (see Matter of Wright v Irish, 156 AD3d at 803; Matter of Adelstein v Finest Food Distrib. Co., N.Y., Inc., 116 AD3d 850, 851; Matter of USA Nutritionals, 306 AD2d 490, 491). The corporation's expert testified that the petitioner's stock shares had no value due to his having sold inventory out of trust, and the resulting impact upon the corporation's assets of the petitioner having done so. Further, the corporation's expert testified that he factored into his valuation that at least two creditors had commenced separate actions against the [*2]corporation seeking judgments in excess of more than $3 million. Although the petitioner's expert prepared a report in which she opined that the value of the corporation exceeded $6 million, when cross-examined, her testimony revealed that the valuation set forth in her report was flawed since it neither accounted for the actions commenced against the corporation nor for the inventory that had been sold out of trust by the petitioner.
The petitioner's remaining contentions are without merit.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court