Matter of Magarik v Kraus USA, Inc. (2024 NY Slip Op 04964)

Matter of Magarik v Kraus USA, Inc.

2024 NY Slip Op 04964

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2020-04299
2020-04302
2020-04303
 (Index No. 606128/15)

[*1]In the Matter of Sergio Magarik, appellant,
v
Kraus USA, Inc., et al., respondents.

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller of counsel), for appellant.
Fox Rothschild LLP, New York, NY (Ernest E. Badway and Mitchell Berns of counsel), for respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely held corporation, where there has been an election to purchase the shares owned by the petitioner pursuant to Business Corporation Law § 1118, the petitioner appeals from (1) a decision of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered April 28, 2020, (2) an amended decision of the same court entered May 19, 2020, and (3) a judgment of the same court entered May 26, 2020. The judgment, upon the decisions, made after a hearing, among other things, adjudged that the fair value of the petitioner's shares of stock in Kraus USA, Inc., was $1,379,400.
ORDERED that the appeals from the decisions are dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The petitioner was a 24% shareholder in the respondent Kraus USA, Inc. (hereinafter Kraus), a closely held corporation that sold, through retailers, plumbing fixtures manufactured by other companies. The petitioner commenced this proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for the judicial dissolution of Kraus. After Kraus's other shareholders elected to purchase the petitioner's shares of stock (see id. § 1118[a]), a valuation hearing was held to determine their fair value. After the hearing, the Supreme Court entered a judgment valuing Kraus at $6,050,000 and the fair value of the petitioner's shares of stock in Kraus at $1,379,400. The petitioner appeals.
"The determination of a factfinder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where the valuation rests primarily on the credibility of the expert witnesses and their valuation techniques" (Matter of Derderian v [*2]Nissan Lift of N.Y., Inc., 192 AD3d 1021, 1022 [internal quotation marks omitted]; see Matter of Wright v Irish, 156 AD3d 803, 803; Matter of Adelstein v Finest Food Distrib. Co., N.Y., Inc., 116 AD3d 850, 851). Here, contrary to the contention of the petitioner, the Supreme Court's determination as to the fair value of the petitioner's shares of stock in Kraus is supported by the evidence (see Matter of Adelstein v Finest Food Distrib. Co., N.Y., Inc., 116 AD3d at 851).
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court