■ Miriam J. Winter, Formerly Known as Miriam W. Boskin, Respondent, v Herbert L. Boskin, Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: A separation agreement, incorporated but not merged into a 1985 divorce decree, gave plaintiff the right to elect payment of a portion of defendant's two pension funds when defendant qualified to commence receiving payments from the funds. In 1988, defendant made two withdrawals of $50,000 each from one of the funds and transferred the money to another fund in a tax free roll-over transaction. Plaintiff commenced the instant action to adjust the interest of the parties in the pension funds as if no withdrawals had been made. We agree with Supreme Court that plaintiff was entitled to file a Qualified Domestic Relations Order (QDRO) in 1990 to protect her interest in the pension funds. However, the court erred in granting plaintiff all of the relief she requested and in awarding her attorney's fees because there was no change in plaintiff's interest in the pension funds after the roll-overs.

Defendant's roll-overs of pension funds were not illegal because there was no QDRO in effect to prohibit the roll-overs when they were made. Under the Federal Employee Retirement Income Security Act *(see,* 29 USC § 1001 *et seq.),* which supersedes and preempts State law *(see, Alessi v Raybestos-Manhattan, Inc.,* 451 US 504, 523), a pension plan may not be assigned or alienated except when a QDRO is issued *(see,* 29 USC § 1056 [d] [3]). A domestic relations order is not "qualified" unless it gives the pension plan administrator notice that he must segregate certain pension funds in a separate account for payment to a designated payee *(see,* 29 USC § 1056 [d] [3]

[H] [i]-[iv]). Here, defendant, as a single employer, was the plan administrator of the pension fund in question (see, Internal Revenue Regulations [26 CFR] § 1.414[g]-1 [a], [b] [1]) and, at the time he made the roll-overs, there was no QDRO in effect.

The court erred in awarding plaintiff attorney's fees because the nature of her action was not the type specified by statute to entitle her to such fees (see, Domestic Relations Law § 237 [a], [b], [c]; § 238), and there is no basis for such an award under Article XIII of the Separation Agreement because defendant did not fail to perform an obligation thereunder and, thus, plaintiff was not aggrieved.

Accordingly, the order and amended order are modified by vacating those parts that determined plaintiff's interest in the pension funds as well as counsel fees and the matter is remitted for a hearing on the current value of existing funds and the court is directed to enter an amended QDRO in that amount. (Appeal from Order of Supreme Court, Monroe County, Willis, J.—Modify Divorce Decree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.