■ In the Matter of SUSAN C. CARR, Respondent, v JONBIL, INC., et al., Respondents, and JOHN CARR, JR., Intervenor-

Appellant. [666 NYS2d 193] —In a turnover proceeding pursuant to CPLR 5225 (b) and 5227, the intervenor John Carr, Jr., appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered January 16, 1997, and an order of the same court, entered March 18, 1997, which, *inter alia,* granted Susan Carr's petition and directed Jonbil, Inc., as the administrator of the Jonbil, Inc., Merged Profit Sharing Plan, and South Trust Bank of Alabama, N.A., as the trustee thereof, to pay Susan Carr $37,368.73, plus investment earnings on such amount accruing on or after February 5, 1997, less fees and expenses, from his account with the Jonbil, Inc., Merged Profit Sharing Plan.

Ordered that the judgment and the order are reversed, with one bill of costs, on the law and the facts, and the proceeding is dismissed.

Contrary to the trial court's determination, no qualified domestic relations order was entered in the present proceeding (*see,* Internal Revenue Code [26 USC] § 414 [p]; 29 USC § 1056 [d] [3]). Therefore, pursuant to CPLR 5205 (c), the funds in the appellant's account with the Jonbil, Inc., Merged Profit Sharing Plan (hereinafter the plan) are exempt from satisfying the petitioner's judgment (*see, Dallin v Dallin,* 225 AD2d 728). Moreover, a pension plan may not be assigned or alienated unless a qualified domestic relations order is issued (*see,* 29 USC § 1056 [d] [1], [3]; *Winter v Boskin,* 181 AD2d 1000).

Furthermore, the evidence presented failed to establish that Susan Carr and the appellant are joint beneficiaries of the appellant's account. Rather, the evidence established that the appellant is a participant in the plan and Susan Carr's consent was needed merely to approve early lump sum payment in order to protect her rights as a potential surviving spouse. Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.