■ KAREN CHERVIN, Respondent, v PETER CHERVIN, Appellant. [695 NYS2d 565] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered June 15, 1998, which, to the extent appealed from as limited by defendant-appellant's brief, after a nonjury trial, awarded plaintiff custody of the parties' minor child, directed that defendant pay maintenance and child support, as well as two-thirds of all child care, medical and educational expenses, awarded plaintiff one half of a settlement of Florida litigation, and awarded counsel fees; and order, same court and Justice, entered September 10, 1998, which, to the extent appealed from as limited by appellant's brief, granted plaintiff's motion for a direction that a money judgment be entered for plaintiff and against defendant in the sum of $400,000 by reason of defendant's failure to assign half of the Florida settlement in

accordance with the June 15, 1998 judgment, unanimously affirmed, without costs.

Since the trial court duly considered the credible proof and rendered a decision based in fact and law, we see no basis to disturb its imputation of income to defendant (*see, Matter of Cattaraugus County Commr. of Social Servs. [Bund] v Bund*, 259 AD2d 973) or its award of permanent maintenance to plaintiff (*see, Dunnan v Dunnan*, 261 AD2d 195). The court's division of expenses, particularly in its award of child support and its directive that appellant pay two-thirds of the child's major expenses, was justified by the record. Also proper was the court's award of attorney fees (*see, O'Shea v O'Shea*, 93 NY2d 187). In light of the difficulty plaintiff has encountered in attempting to enforce the judgment, including most notably defendant's failure to pay plaintiff any part of the Florida settlement money he had actually recovered, the court properly exercised its broad discretion to equitably distribute marital property (*see, Elkaim v Elkaim*, 176 AD2d 116, 119, *appeal dismissed* 78 NY2d 1072) when it declined to tie plaintiff's share of the structured settlement to the amount defendant had currently collected. We have considered appellant's remaining arguments and find them unavailing. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Andrias, JJ.