■ RAYMOND A. BRAGAR, Respondent, v SANDY E. BRAGAR, Appellant. RAYMOND A. BRAGAR, Respondent, v SANDY E. BRAGAR, Defendant. COHEN, GOLDSTEIN & SILPE, L. L. P., Nonparty Appellant. [717 NYS2d 100] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about June

16, 1999, which, *inter alia*, (1) awarded defendant $4,000 per month in maintenance for the first year and $2,500 per month thereafter, (2) directed plaintiff to pay $1,265 per month in child support, (3) directed plaintiff to satisfy a back-tax liability for the years 1993, 1994 and 1995 in the amount of $380,000 and permitted him to use a bankruptcy account held in escrow to partially satisfy such debt, and (4) denied defendant's request for necessaries, unanimously modified, on the law and the facts, to the extent of vacating that part of the order permitting plaintiff to use the bankruptcy account held in escrow to partially satisfy the back-tax liability, and otherwise affirmed, without costs. Order, same court and Justice, entered June 21, 1999, which granted the motion of Cohen, Goldstein & Silpe, L. L. P. (CGS) for attorneys' fees only to the extent of directing plaintiff to pay CGS $20,000, unanimously affirmed, without costs.

The tax-free maintenance award of $4,000 per month for the first year and $2,500 per month thereafter was reasonable when considered in light of the relevant facts set forth in Domestic Relations Law § 236 (B) (6). The court properly determined plaintiff's annual income to be $300,000 since that was his approximate average income for the five years preceding the matrimonial action, and when determining the maintenance award, the IAS Court properly considered defendant's active role in the deterioration of plaintiff's relationship with his son (*see*, Domestic Relations Law § 236 [B] [6] [a] [11]). Also proper was the court's imputation of a $30,000 per year income to defendant after the first year since defendant is college educated and capable of becoming employed (*see, Junkins v Junkins*, 238 AD2d 480, 482).

The award of $1,265 per month in child support was reasonable, particularly since plaintiff was also responsible for his son's substantial college expenses, and his son's medical expenses, including treatment for ulcerative colitis (*see, Matter of Cassano v Cassano*, 85 NY2d 649; *see*, Domestic Relations Law § 240 [1-b]).

Defendant's request for necessaries was properly denied, since the proceeds from the sale of the parties' Park Avenue apartment were used to satisfy maintenance charges that were in arrears after plaintiff filed for bankruptcy. Defendant's request for the counsel fees she incurred during the plaintiff's bankruptcy proceedings was also correctly denied since the fees were excessive and were not incurred during the course of matrimonial proceedings (*cf., Sassower v Barone*, 85 AD2d 81).

However, that part of the order allowing plaintiff to use the

funds in his bankruptcy account held in escrow in part to satisfy the back-tax liability for the years 1993, 1994 and 1995 was in error. In its written decision, the IAS Court made it clear that plaintiff should pay the full amount for the tax debt. As acknowledged by plaintiff on appeal, however, a portion of the funds in the bankruptcy account are defendant's, and a substantial portion of the liability was incurred by plaintiff after matrimonial proceedings were commenced (*see, Prince v Prince*, 247 AD2d 457). Permitting plaintiff to use funds, some of which belong to defendant, to satisfy such obligations would be inequitable.

The IAS Court's order requiring plaintiff to pay $20,000 of defendant's counsel fee obligation was a provident exercise of discretion under the circumstances. Both parties engaged in tactics that unnecessarily prolonged the litigation. Concur—Sullivan, P. J., Rubin, Buckley and Friedman, JJ.