■ LYNNE WEINSTEIN, Respondent, v DAVID WEINSTEIN, Appellant. [795 NYS2d 523]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered June 8, 2004, which granted plaintiff's motion for an award of $300,000 in counsel fees, unanimously affirmed, without costs.

This divorce action was commenced in January 2000. On May 2, 2001, the parties stipulated that each would be responsible for his or her own legal fees incurred to that point. However, that stipulation addressed only the financial aspects of the litigation, and not the custody/visitation issue. Plaintiff was not precluded from seeking an award of counsel fees for work performed on financial issues arising after the date of the stipulation, and on custody/visitation matters from the date of commencement of the action.

The court properly exercised its discretion in awarding counsel fees, given the parties' respective financial circumstances and all the other circumstances of the case (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). Defendant has always been far more able than plaintiff to pay legal fees in connection with this proceeding. His substantial resources have been a significant factor in achieving the desired outcome with regard to custody of the children. This has resulted in an escalation of legal fees for plaintiff as well. The fact that plaintiff received a substantial distributive award does not preclude her award of counsel fees where she has been forced to use much of the distribution toward legal expenses (see Charpié v Charpié, 271 AD2d 169 [2000]).

There was no basis for a hearing on this issue because the parties had agreed to proceed by motion on the basis of affirmations by counsel (cf. Gallousis v Gallousis, 303 AD2d 363, 364 [2003]). We have considered defendant's other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Friedman and Marlow, JJ.