■ AMANDA S. RITZ, Respondent, v MICHAEL D. RITZ, Appellant. [799 NYS2d 501]—

Amended judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered December 3, 2003, inter alia, equitably distributing the parties' marital property, unanimously modified, on the law and the facts, to reduce plaintiff's share of the enhanced value of defendant's rental apartment, and otherwise affirmed, without costs.

The apartment was admittedly a separate asset of defendant purchased before the marriage. The IAS court was correct in finding that the enhanced value was marital property as the rent money was deposited in a joint checking account and there was evidence of plaintiff's indirect contributions as a homemaker and mother (*Price v Price*, 69 NY2d 8 [1986]). It was also correct in finding that the enhanced value was to be determined from the date of acquisition, not the date of commencement, because the court was only provided with a dollar figure for the former, not the latter (notwithstanding the generous result this gives plaintiff). Furthermore, since defendant produced no evidence as to the amount of increase due to passive market forces as opposed to his direct efforts, we will not disturb the classification that the entire increase was marital property (*Hartog v Hartog*, 85 NY2d 36 [1995]). However, and especially in view of this most favorable calculation for plaintiff to determine the marital portion, an award of 50% of the enhanced value is clearly disproportionate. She contributed no money to the operation of the apartment; the rent money, which was merely "parked" in the joint checking account, more than paid for its expenses. Nor did plaintiff directly contribute to the operation or management of the apartment (*cf. Zelnik v Zelnik*, 169 AD2d 317 [1991]; *Derderian v Derderian*, 167 AD2d 158 [1990], *lv denied* 77 NY2d 804 [1991]; *Rider v Rider*, 141 AD2d 1004 [1988]). In fact, the record shows plaintiff had no involvement with the apartment whatsoever. Consequently, we reduce plaintiff's share in the enhanced value of the apartment to 25%. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.