■ RENEE COSTA, Respondent, v VINCENT COSTA, JR., Appellant. SALTZMAN CHETKOF & ROSENBERG, LLP, Nonparty Respondent. [849 NYS2d 204]—

---

Judgment, Supreme Court, New York County (Laura E. Drager, J.), entered December 27, 2006, after a nonjury trial, inter alia, distributing the parties' marital assets and awarding maintenance, support and counsel fees, and bringing up for review an order, same court and Justice, entered August 15, 2006, unanimously modified, on the law, the facts and in the exercise of discretion, to value the marital residence and furnishings at $1,000,000 and the condominium at $550,000, to limit the husband's obligation to continue to pay the mortgage, real estate taxes and any other carrying charges on the marital residence to four years, to redistribute the remaining marital assets, to provide that maintenance payments to the wife shall be limited to seven years, as set forth in the decision herein, and be taxable to her, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The award to the wife of title to the marital residence and its furnishings was appropriate given her need for a home as the custodial parent of the parties' two minor children, the availability to the husband of other residences and his use of marital assets to purchase a Massapequa Park condominium. However, the husband should have been awarded a 100% interest in the condominium. Also, there was no reason for the trial court to depart from the stipulated value for the marital residence or from the husband's claimed value for the condominium.

In addition to the foregoing redistributions, we also direct redistributions of the remaining assets, with the exceptions of the UTMA accounts to be continued to be held and used for each child's college education. The wife is entitled to a total of $515,381.57 from the remaining nonresidence assets, which include the individual retirement accounts of both spouses set forth in the order. This 55-45 distribution is equitable under the circumstances (see Naimollah v De Ugarte, 18 AD3d 268, 269 [2005]), taking into consideration the wife's contributions to the

success of the husband's career and her limited earnings prospects. Upon settlement of a judgment, within 30 days after service of a copy of this order distributing the remaining assets in accordance herewith, to the extent that the amount payable to the wife may include a share of the husband's Fidelity Profit Sharing account, its distribution should be subject to a qualified domestic relations order (*see Matter of Carr v Jonbil, Inc.*, 245 AD2d 369 [1997]).

The maintenance award should be reduced in duration to seven years, granting the wife $5,000 per month for the first five years and $4,000 per month for the next two, taxable to her (*see Grumet v Grumet*, 37 AD3d 534, 536 [2007]; *cf. Lolli-Ghetti v Lolli-Ghetti*, 165 AD2d 426, 434 [1991], *lv denied* 78 NY2d 864 [1991]). This is appropriate for a 16-year marriage in which the wife had the primary homemaking and child-raising responsibilities and had been absent from the workforce since 1990. It properly reflects the parties' respective educational backgrounds and financial positions (*see Pickard v Pickard*, 33 AD3d 202, 204 [2006], *appeal dismissed* 7 NY3d 897 [2006]; *Chervin v Chervin*, 264 AD2d 680 [1999]), and is appropriately structured to encourage the wife to become self-supporting. It also takes into consideration the parties' marital standard of living (*see Summer v Summer*, 85 NY2d 1014 [1995]; *Ventimiglia v Ventimiglia*, 307 AD2d 993, 995 [2003]).

The child support award was appropriately based on the parties' lifestyle, the children's needs and the parties' income in excess of $80,000 (*see Matter of Culhane v Holt*, 28 AD3d 251, 252 [2006]; *Anonymous v Anonymous*, 286 AD2d 585 [2001], *lv denied* 97 NY2d 611 [2002]). The court considered the relevant circumstances and providently exercised its discretion in awarding college expenses (*see Matter of Holliday v Holliday*, 35 AD3d 468 [2006]). This award was not premature, since one of the children was 15 years old at the time of trial and approaching college age, and it would be unfair to the wife and would contravene principles of judicial economy to require her to seek an upward modification in only two years (*cf. Friedman v Friedman*, 216 AD2d 204 [1995]; *Gilkes v Gilkes*, 150 AD2d 200 [1989]).

The award of counsel fees was a proper exercise of discretion based upon consideration of the relevant factors (*see O'Shea v O'Shea*, 93 NY2d 187, 190 [1999]; *Wechsler v Wechsler*, 19 AD3d 157 [2005]). Contrary to the husband's contention, the wife's distributive award did not place the parties in financial parity and did not preclude her counsel fee award (*see Weinstein v Weinstein*, 18 AD3d 246 [2005]). We note that the husband failed

to object to any specific charge, and, in any event, upon our own review of the fee award we find that it was not excessive (*see Beal v Beal*, 196 AD2d 471, 473 [1993]).

At trial the husband urged the court to recognize the instability of his future professional earning capacity, while the wife urged the court to investigate her allegations regarding the husband's failure to be forthcoming about his finances. Our findings at this juncture do not preclude further review of these claims.

We have considered the husband's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, McGuire and Kavanagh, JJ.