■ ANDREW GERING, Respondent, v CHARISSE TAVANO, Appellant. [855 NYS2d 436]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered May 1, 2006, granting plaintiff a divorce on the ground of cruel and inhuman treatment, and bringing up for review orders, same court and Justice, entered on or about March 6, 2006 and August 29, 2005, which, respectively, to the extent appealed from as limited by the briefs, denied defendant's motion to set aside the jury verdict of cruel and inhuman treatment and to reopen the financial trial, and denied her motion to dismiss the complaint alleging cruel and inhuman treatment, unanimously modified, on the law and the facts, to increase the duration of the maintenance award to three years, and otherwise affirmed, without costs.

The verdict of cruel and inhuman treatment was supported by legally sufficient evidence, which included evidence of defendant's denigrating comments about plaintiff's religious

background, accusations of infidelity, and interference with plaintiff's relationship with the children and evidence of plaintiff's anxiety, depression, headaches and stomach aches resulting therefrom (*see Stoothoff v Stoothoff,* 226 AD2d 209 [1996]; Domestic Relations Law § 170 [1]).

The court properly charged the jury on cruel and inhuman treatment and did not improperly alter its charge after the parties' summations (*see e.g. Rios v Rios,* 34 AD2d 325, 326-327 [1970], *affd* 29 NY2d 840 [1971]; CPLR 4110-b; PJI 5:3).

Plaintiff showed a reasonable excuse for not filing the complaint alleging cruel and inhuman treatment until approximately two years after the commencement of this divorce action (CPLR 3012 [d]). The parties had stipulated that the issue of fault was resolved and that plaintiff would "take the divorce" on the ground of constructive abandonment. However, defendant objected to that ground two years later, after the inquest. Defendant was not prejudiced by the delay, since plaintiff's summons with notice indicated that he sought a divorce on the grounds of both constructive abandonment *and* cruel and inhuman treatment (*see generally Lyons v Lyons,* 187 AD2d 415 [1992]). Contrary to defendant's contention, plaintiff was not required to submit an affidavit of merit (*see Guzetti v City of New York,* 32 AD3d 234, 234 [2006]).

The court properly based its imputation of income to plaintiff on his admission that he took money from his business for personal expenses and failed to report it on his income tax returns (*cf. Cohen v Cohen,* 294 AD2d 184 [2002] ["inconsistent, illogical and evasive" testimony supported adverse inference of hiding assets and deliberately reducing income]). Defendant failed to establish that plaintiff misrepresented the amount he took from the business or that the court's imputation of income was inadequate (*see* CPLR 5015 [a] [3]; *Blackman v Blackman,* 131 AD2d 801, 805 [1987]).

With respect to defendant's financial condition, her failure to disclose her bank statements and various transfers of real property among herself, her family members and third parties justified an adverse inference against her (*see* 22 NYCRR 202.16 [k] [5] [i]; *Wildenstein v Wildenstein,* 251 AD2d 189 [1998]).

The amount of the maintenance award of $2,000 a month was properly based upon the court's finding of defendant's failure to comply with discovery and disclose real estate transactions and bank statements and the family's predivorce standard of living. However, the one-year duration of the award is inadequate to the extent indicated given the circumstances of the case (*Hartog v Hartog,* 85 NY2d 36 [1995]; *Bragar v Bragar,* 277 AD2d 136

[2000]; *Summer v Summer*, 85 NY2d 1014 [1995]; Domestic Relations Law § 236 [B] [6] [a]).

The court articulated its reasons for setting the child support obligation at 25% of $150,000 (Domestic Relations Law § 240 [1-b] [c] [3]; [1-b] [f]) and was not required to apply the statutory percentage to the entire portion of the parties' combined income in excess of $80,000 (*see Matter of Culhane v Holt*, 28 AD3d 251, 252 [2006]). Given the evidence of defendant's own substantial assets, the court properly required her to contribute 13% during the first year and 14% thereafter (*Anonymous v Anonymous*, 286 AD2d 585, 586 [2001], *lv denied* 97 NY2d 611 [2002]). The court's determination not to require plaintiff to pay for the children's private school or college education was not an improvident exercise of discretion (*see Manno v Manno*, 196 AD2d 488, 491-492 [1993]).

The award to defendant of a 15% interest in plaintiff's business was proper, given her failure to contribute to the business, lack of cooperation with respect to discovery of her own assets, and receipt of temporary maintenance (*see Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]).

We decline to award plaintiff costs. Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.