■ Silke Winter, Respondent-Appellant, v Pierre Winter, Appellant-Respondent. [857 NYS2d 68]—

Judgment, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered January 11, 2007, after a nonjury trial, to the extent appealed and cross-appealed from, setting amounts of spousal maintenance, child support and defendant husband's share of add-on child expenses, allocating marital property and assets subject to certain credits including accounting for wasteful dissipation, denying defendant credit for pendente lite mortgage payments on the marital residence, and ordering defendant to pay 40% of plaintiff's legal fees, unanimously modified, on the facts, to reduce defendant's obligation with respect to plaintiff's legal fees to 30%, and to reduce the value assigned to the parties' Jeep Cherokee from $15,000 to $11,000, and otherwise affirmed, without costs.

The parties were married in 1997 and have one child, born in 2002. This divorce action was commenced in 2004. The parties stipulated to the grounds, and the financial aspects were tried over the course of six days, during which defendant appeared pro se.

To a large extent, defendant's appeal is based on the court's determinations that a gift from plaintiff's father toward the purchase of the marital home was a gift of separate property to her and that she individually owned certain bank accounts and income-producing property in Germany. These determinations were made by the court based upon its finding that defendant's testimony as to these assets lacked credibility, in contrast to the testimony of plaintiff and her father, both of whom the court

found to be credible. We see no basis in the record to disturb these findings of credibility, which are entitled to great weight on appeal (*see Antes v Antes*, 304 AD2d 597 [2003]).

In determining the value of the Jeep Cherokee, the court used the vehicle's 2004 purchase price of $15,000. In her September 30, 2005 net worth statement, plaintiff valued that asset at $11,000. In the absence of any other evidence as to the vehicle's worth, plaintiff's valuation should have been adopted by the court.

At trial, while defendant generally preserved his right to challenge the reasonableness of attorney fees incurred by plaintiff, he did so by asking limited questions that fail to provide a basis for disturbing the court's findings on this issue. To the extent that defendant now objects to the amount of fees as unsupported by documentary evidence in the form of bills or time sheets, such objection has been waived by his failure to request an evidentiary hearing at the time of trial (*see Adler v Adler*, 203 AD2d 81 [1994]). However, in the circumstances presented, we find the percentage of plaintiff's attorney's fees for which defendant is responsible is excessive to the extent indicated (Domestic Relations Law § 237 [a]).

The court properly considered the appropriate factors, including the parties' lifestyle, the custodial parent's financial resources and the child's needs, in determining child support (*see Matter of Culhane v Holt*, 28 AD3d 251 [2006]). Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.