■ DENISE KARAS-ABRAHAM, Respondent, v GIDEON ABRAHAM, Appellant. [892 NYS2d 384]—

The award of four years' maintenance and the amount of child support were properly premised on the imputation of income to defendant based on the report of the neutral forensic accountants and the referee's credibility findings (*see Gering v Tavano*, 50 AD3d 299, 300 [2008], *lv denied* 11 NY3d 707 [2008]). It is clear that defendant was the monied spouse who had been hiding income through his family's companies, his own business in which he was the sole shareholder, and illusory undocumented loans that he used to support a standard of living that would have been impossible to maintain on the income he claimed in the divorce proceeding and on his personal income tax returns (*see Fabrikant v Fabrikant*, 62 AD3d 585 [2009]). The referee properly considered plaintiff's ability to be self-supporting and the parties' standard of living in determining the duration and amount of maintenance (*see Costa v Costa*, 46 AD3d 495, 497 [2007]), which was further justified by defendant's lack of candor with respect to his income (*see Acosta v Acosta*, 301 AD2d 467 [2003], *lv denied* 100 NY2d 504 [2003]). The amount of support was also properly based on the parties' lifestyle, the custodial parent's financial resources and the needs of the children (*see Winter v Winter*, 50 AD3d 431, 432 [2008]).

Plaintiff was properly awarded half the proceeds from the sale of the cooperative apartment upstairs from the marital residence, which amounted to more than $600,000, rather than solely her contribution of about $43,000 to its purchase. Upon our review of the record, we reject defendant's contention that this marriage was not an economic partnership, certain deviations from the norm notwithstanding. However, plaintiff is not absolved of her responsibility for capital gains taxes on her share of the proceeds merely because the stipulation with respect to the sale proceeds did not provide for the allocation between the parties of capital gains taxes and the court had declined to direct her to pay such taxes pendente lite, especially since defendant was held responsible for all of the other expenses paid out of the escrowed proceeds. Notably, plaintiff's objection is based only on these procedural grounds, not on any claim

of substantive fairness because of the disparate economic status of the parties.

Plaintiff was properly awarded expenses for the New Jersey residence to which she and the children had moved. The only reasons that the court had denied her earlier request to have defendant pay these housing costs were that the trial was imminent and that plaintiff had failed to document her claim that her mother had paid for the house with the understanding that plaintiff would pay the carrying charges until she was able to buy it. Neither of these reasons remained viable after plaintiff documented her claim at trial. Defendant had been previously obligated to pay carrying charges on the marital residence, and the New Jersey home was functioning as the marital residence. We reject defendant's procedural claim that, by including the New Jersey housing costs in the judgment, the referee improperly modified her decision since it did not mention such costs; procedure is more flexible in nonjury matters.

The counsel fee award was proper (see *Johnson v Chapin*, 12 NY3d 461, 467 [2009]). Defendant failed to object to any specific charge, and, in any event, upon our own review, we find the amount appropriate under the circumstances (see *Costa v Costa*, 46 AD3d 495, 497-498 [2007], *supra*).

The referee should not have awarded plaintiff all of the appreciation of the marital residence, since she failed to carry her burden to demonstrate the amount of the increase in value that was the result of her contributions to the renovations and not of market forces (see *Warner v Houghton*, 43 AD3d 376, 380-381 [2007], *affd on other grounds* 10 NY3d 913 [2008]; *Naimollah v De Ugarte*, 18 AD3d 268, 271 [2005]). Contrary to plaintiff's contention, *Ritz v Ritz* (21 AD3d 267 [2005]) does not shift the burden to the party asserting that the property is separate to show the effect of market forces.

We have considered defendant's other contentions, including those regarding the conduct of the special referee, and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ.