■ BART SHACHNOW, Respondent, v JENNIFER SHAFER, Appellant. [918 NYS2d 402]—

The court properly granted plaintiff's cross motion for arrears for the child's private school tuition owed by defendant under the separation agreement. Plaintiff's failure to file a current statement of net worth did not render the cross motion defective as determination of the amount of arrears does not implicate plaintiff's financial circumstances. In addition, defendant's admitted receipt of multiple notices of default sent by plaintiff contradicts her claim that plaintiff waived his right to defendant's contribution of 50% toward the child's private school tuition.

Defendant has not demonstrated that the child's diagnosis of attention deficit hyperactivity disorder following execution of the parties' separation agreement resulted in medical and educational expenses that impacted defendant's ability to meet the needs of the child, and defendant failed to make a prima facie showing that a substantial, "unanticipated and unreason-

able change in circumstances has occurred resulting in a concomitant need" such that an upward modification in child support is warranted (*Merl v Merl*, 67 NY2d 359, 362 [1986]). In the absence of evidence that the child's needs are not being met, a hearing is unnecessary (*cf. Mandell v Karr*, 7 AD3d 382, 383 [2004]; *Matter of Saltzman v Friedman*, 226 AD2d 245, 246 [1996]).

The denial of defendant's application for counsel fees was a provident exercise of discretion under the circumstances (*see Lee v Lee*, 68 AD3d 622 [2009]; *Kamerman v Kamerman*, 269 AD2d 165 [2000]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.