■ Andrew Gering, Respondent, v Charisse Tavano, Appellant. [940 NYS2d 269]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered October 5, 2010, which, insofar as appealed from as limited by the briefs, denied defendant wife's motion to set aside the parties' judgment of divorce, to reinstate spousal support, and for an upward modification of child support, unanimously affirmed, without costs. Order, same court and Justice, entered May 3, 2011, which, insofar as appealed from as limited by the briefs, denied defendant's motion to compel plaintiff husband to pay for the parties' children's college expenses and granted plaintiff's cross motion to the extent of finding that plaintiff has no obligation to pay for such expenses, unanimously affirmed, without costs.

Defendant failed to make a prima facie showing that a substantial, unanticipated change in circumstances has occurred warranting a modification of the maintenance or child support awards (*see Merl v Merl*, 67 NY2d 359, 362 [1986]). Although defendant submitted a net worth statement, she failed to submit

tax returns, credit card statements, bank account statements, or other documents to support her claim of financial hardship (*see* Domestic Relations Law § 236 [B] [4] [a]). Nor did she submit medical records to support her claim that she is unable to work due to a medical issue. The issue of the parties' son's learning disability has already been litigated and decided, and defendant did not submit any evidence showing that her son's educational needs have changed. In light of the absence of any evidence supporting a modification of the maintenance and child support awards, a hearing is unnecessary (*see Shachnow v Shafer*, 82 AD3d 423, 424 [2011], *lv dismissed* 17 NY3d 935 [2011]; *see also Lloyd v Lloyd*, 226 AD2d 816, 817 [1996]).

Defendant did not set forth any basis for vacating the parties' divorce judgment (*see* CPLR 5015 [a] [2], [3]); she merely seeks to relitigate issues that have already been presented and decided. Further, as we stated in a prior order in this action (*Gering v Tavano*, 50 AD3d 299, 301 [2008], *lv denied* 11 NY3d 707 [2008]), Supreme Court providently exercised its discretion in not requiring plaintiff to pay for the children's college expenses.

Upon plaintiff's motion (2011 NY Slip Op 92472[U] [2011]), we dismissed defendant's purported appeal from the order entered on or about February 15, 2011. We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Renwick and Abdus-Salaam, JJ.