Judgment of divorce, Supreme Court, New York County (Barbara Jaffe, J.), entered November 22, 2011, after a nonjury trial, to the extent appealed from as limited by the briefs, denying defendant any portion of the marital apartment’s appreciation, distributing the marital estate, directing that defendant pay child support of $1,200 per month, and awarding plaintiff counsel and expert fees, unanimously modified, on the law and the facts, to the extent of vacating the award of counsel and expert fees, and otherwise affirmed, without costs.
Defendant failed to show that the marital apartment, which plaintiff purchased before the marriage, appreciated as a result of his contributions (see Karas-Abraham v Abraham, 69 AD3d 428, 430 [2010]). Although defendant performed, and marital *433 funds helped pay for, some renovations to the apartment, the court-appointed appraiser made no findings that the renovations had any effect on the value of the apartment. In any event, the trial court adequately compensated defendant for his contributions by giving him a credit for one-quarter of the renovation costs (see Bernholc v Bornstein, 72 AD3d 625, 628 [2010]).
The trial court providently exercised its discretion in distributing the marital estate (see Fields v Fields, 65 AD3d 297, 303 [2009], affd 15 NY3d 158 [2010]). The court considered the factors listed in Domestic Relations Law § 236 (B) (5) (d) and set forth the rationale for its decision (id.).
The trial court improvidently exercised its discretion in awarding plaintiff $100,000 for attorneys’ fees and $12,850 for expert fees. The parties’ financial situations were not so disparate as to render this award appropriate (see generally O'Shea v O'Shea, 93 NY2d 187, 190 [1999]).
We have considered defendant’s remaining contentions and find them unavailing. Concur — Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.