# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1254**
**CA 12-00699**
PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND WHALEN, JJ.

---

CAROL A. WEINHEIMER, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

DREW WEINHEIMER, DEFENDANT-RESPONDENT.

---

ANGE & ANGE, BUFFALO (GRACE MARIE ANGE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (MELISSA A. CAVAGNARO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered June 30, 2011. The judgment, inter alia, ordered defendant to pay maintenance to plaintiff in the amount of $600 per month.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts and the law by increasing the award of maintenance to plaintiff to $725 per month for the same term as that set by Supreme Court, Erie County, and as modified the judgment is affirmed without costs.

Memorandum: In this matrimonial action, plaintiff wife contends that Supreme Court failed to award her a sufficient amount of maintenance and erred in denying her request for child support on behalf of the parties' unemancipated child. Plaintiff further contends that the court should have awarded her attorney's fees following the trial that was held on the issues of maintenance and child support. We agree with plaintiff that the maintenance award should be modified, but we otherwise affirm.

In determining the income of defendant husband for purposes of awarding maintenance, the court averaged defendant's income over a period of years. Although the court did not abuse its discretion in determining defendant's income for maintenance purposes in that manner (*see Bragar v Bragar*, 277 AD2d 136, 137; *Lombardo v Lombardo*, 255 AD2d 653, 654-655), we find no basis in the record for the court's finding that defendant's average income was approximately $48,000 per year. The court admitted in evidence defendant's pay stubs showing that his year-to-date earnings in 2010 were $55,068. Defendant's tax records for the four prior years reflected gross incomes of $58,999, $63,580, $53,981, and $63,370. No evidence was admitted concerning defendant's income for any other years. Not including 2010 due to incomplete

data, defendant's average income was $59,982.  Because the court, in determining defendant's maintenance obligation, understated his income by 20%, we conclude that, based on all of the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), the maintenance award should be increased to $725 per month.  Plaintiff does not challenge the term of maintenance as set by the court, and we perceive no basis to disturb that part of the award.

We reject plaintiff's further contention that the court erred in denying her request for an award of child support.  During the pendency of this action, the parties resided together in the marital residence.  The parties' only unemancipated child was a 17-year-old daughter who attended community college and did not live at home.  The daughter worked part-time while attending college, and her tuition was paid by student loans.  Although the daughter returned home for holidays, she remained in her apartment during the summer and worked full-time.  "[T]he fact that the parties continue to reside together does not bar [an] award of child support, where . . . there has been a showing that the award is necessary to maintain the reasonable needs of the child during the litigation" (*Koerner v Koerner*, 170 AD2d 297, 298; *see Harari v Davis*, 59 AD3d 182, 182; *see also Salerno v Salerno*, 142 AD2d 670, 672).  Here, however, plaintiff did not allege, much less establish, that the daughter's reasonable needs were not being met.  In fact, the evidence demonstrated that, with a little financial assistance from both parents, all of the daughter's bills were being paid while she attended college and lived on her own.  Plaintiff was therefore not entitled to an award of child support.

Finally, we reject plaintiff's contention that the court erred in failing to award her attorney's fees at the conclusion of the case (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea*, 93 NY2d 187, 190).  As a preliminary matter, we note that, because plaintiff did not submit documentation identifying the services rendered by her attorney or the fees incurred, the court was precluded from awarding attorney's fees to her (*see Cervone v Cervone*, 74 AD3d 1268, 1269).  In any event, we conclude that it would have been within the court's discretion to deny plaintiff's request.  Although plaintiff earned only $20,000 annually, she had previously been awarded interim attorney's fees, and the court's award of maintenance, which we hereby upwardly modify, reduced the disparity in the parties' incomes.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court