(*see People v Ratcliff*, 107 AD3d 476 [1st Dept 2013], *lv denied* 22 NY3d 852 [2013]; *see also People v Larkin*, 66 AD3d 592, 593 [1st Dept 2009], *lv denied* 14 NY3d 704 [2010]). Clear and convincing evidence established aggravating factors that were not otherwise adequately taken into account by the risk assessment instrument, including the egregiousness of the sex offenses committed against two children and the threats defendant made to his victims to keep them from reporting his crimes.

The court also properly exercised its discretion in denying defendant's application for a downward departure because the mitigating factors asserted by defendant, including his age and lack of prior criminal history, were adequately taken into account by the risk assessment instrument, and were outweighed by the seriousness of the underlying sex crimes (*see e.g. People v Melendez*, 83 AD3d 448 [1st Dept 2011]). Concur—Gonzalez, P.J., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.

■ In the Matter of JAHMERE G., an Infant. Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [980 NYS2d 754]—An appeal having been taken to this Court by the above-named appellant from an order of the Family Court, New York County (Susan K. Knipps, J.), entered on or about November 18, 2013, and said appeal having been withdrawn before argument by counsel for the respective parties; and upon the stipulation of the parties hereto dated January 28, 2014, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Gonzalez, P.J., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.

■ W.B., Appellant, v D.B., Respondent. [980 NYS2d 453]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered September 27, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for an order increasing child support and to enforce the parties' stipulation of settlement, and awarded plaintiff $3,000 in counsel fees, unanimously affirmed, without costs.

Plaintiff failed to make a prima facie showing that a substantial, unanticipated change in circumstances has occurred warranting a modification of the child support award (*see Merl v Merl*, 67 NY2d 359, 362 [1986]). Nor did plaintiff show that the needs of the child were not adequately being met (*see Matter of Brescia v Fitts*, 56 NY2d 132, 140 [1982]).

The increase in defendant's income does not constitute an

unanticipated change in circumstances warranting an increase in support (*see Friedman v Friedman*, 65 AD3d 1081 [2d Dept 2009]). In any event, the parties' agreement provides a mechanism for increases every three years based on defendant's income. Plaintiff also failed to provide any evidence to support her claim that she made efforts to find employment commensurate with her training and experience (*see O'Brien v McCann*, 249 AD2d 92 [1st Dept 1998]; *Matter of Piernick v Nazinitsky*, 48 AD3d 690 [2d Dept 2008]). In any event, plaintiff's underemployment was not a change in circumstances as she had been unemployed and/or underemployed at the time of the parties' agreement.

In light of the absence of any evidence supporting a modification of the child support award, a hearing is unnecessary (*see Shachnow v Shafer*, 82 AD3d 423, 424 [1st Dept 2011], *lv dismissed* 17 NY3d 935 [2011]).

Supreme Court also properly found that there had been no violation of the provision in the parties' agreement requiring recalculation of child support every three years based on defendant's income. Defendant's bonus received in 2011 was not to be included in the calculation of his income in the three-year period between January 1, 2008 and January 1, 2011.

Supreme Court correctly found that defendant was not obligated to pay the child's school transportation costs. The parties' agreement only requires him to pay 63% of the child's private school up to a maximum of $5,000 per year. Defendant also met his obligation to obtain and provide proof of life insurance in compliance with the parties' agreement.

Supreme Court providently exercised its discretion in awarding plaintiff $3,000 in counsel fees (*see* Domestic Relations Law § 237 [a]). Concur—Gonzalez, P.J., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.

■ CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK NEW YORK BRANCH, Formerly Known as CALYON NEW YORK BRANCH, et al., Respondents, v BDC FINANCE, L.L.C., et al., Appellants. [981 NYS2d 47]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered September 6, 2012, which, to the extent appealed from, granted plaintiffs' CPLR 3211 (a) (7) motion to dismiss the third counterclaim asserted by defendant BDC Finance, L.L.C. and counterclaim-plaintiffs Black Diamond Capital Management, L.L.C. and Black Diamond CLO 2006-1 (Cayman),