■ HEATHER H. KANY, Appellant, v STEVEN KANY, Respondent. [50 NYS3d 337]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about September 11, 2015, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) and/or for summary judgment pursuant to CPLR 3212, and for counsel fees, unanimously affirmed, without costs.

Plaintiff's fraud claims are conclusively refuted by the plain terms of the parties' 1995 written settlement agreement, which was referenced by, and attached as an exhibit to, the complaint. Pursuant to the agreement, plaintiff waived any and all right and claim to "any participation or interest that [defendant] may now or in the future have in any retirement plan." Thus, she assumed the risk that at the time the agreement was executed defendant had an interest in a retirement plan of which she was not aware. Moreover, plaintiff "specifically acknowledged that she had made her own independent investigation of defendant's business affairs and was waiving further disclosure" (*DiSalvo v Graff*, 227 AD2d 298, 298 [1st Dept 1996]; *and see Kojovic v Goldman*, 35 AD3d 65, 68-69 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]).

The allegation that the supplemental retirement benefits were fraudulently concealed from plaintiff is also flatly refuted by the emails and written correspondence submitted on defendant's motion, many by plaintiff herself. The emails and written correspondence may be considered documentary evidence, because they were submitted to show that defendant's supplemental retirement assets were disclosed, and they are "essentially undeniable" (*Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 433 [1st Dept 2014] [internal quotation marks omitted]). Since, at the very least, the disclosures in defendant's net worth statement and in the benefits booklet issued by his employer put plaintiff on inquiry notice that defendant was entitled to supplemental retirement benefits, the complaint is time-barred (*see DeLuca v DeLuca*, 48 AD3d 341 [1st Dept 2008]; CPLR 213 [8]).

Defendant is entitled to counsel fees under the agreement.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.