Evans v Oliveira (2018 NY Slip Op 07055)





Evans v Oliveira


2018 NY Slip Op 07055


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


7422 313339/07

[*1]George Evans, Plaintiff-Respondent,
v
Maria Gomes Oliveira, Defendant-Appellant.


Maria Gomes Oliveira, appellant pro se.
Robinson Brog Leinwand Greene Genovese & Gluck P.C., New York (Michael E. Greene of counsel), for respondent.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered March 8, 2017, which denied the mother's motion for an upward modification of the child support provisions contained in the parties' settlement agreement, unanimously affirmed, without costs.
The mother failed to make a prima facie showing that a substantial, unanticipated change in circumstances occurred warranting a modification of the child support agreed to in the parties' May 2010 stipulation of settlement, which was incorporated but not merged into their judgment of divorce (see Zaratzian v Abadir, 128 AD3d 953 [2d Dept 2015]). Her failure to find employment commensurate with her training and expertise does not constitute an unanticipated change in circumstances, as the record reveals that she was either unemployed or underemployed at the time the agreement was entered into (see W.B. v D.B., 114 AD3d 551 [1st Dept 2014]). The decrease in the mother's income attributable to the cessation of spousal maintenance was not an unanticipated change, but instead a negotiated consequence of the settlement agreement.
Finally, the alleged increase in the father's income does not constitute an unanticipated change in circumstances warranting an increase in support (see W.B. v D.B., 114 AD3d 551), as the mother has not identified any needs of the child that are not being met (see Kamerman v Kamerman, 269 AD2d 165 [1st Dept 2000]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK