McLennan v McLennan (2023 NY Slip Op 04724)

McLennan v McLennan

2023 NY Slip Op 04724

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 303039/18 Appeal No. 633 Case No. 2022-05530 

[*1]Karin Gregersen McLennan, Plaintiff-Respondent,
v
Toby McLennan, Defendant-Appellant.

Law Office of John Teufel, Hempstead (John Teufel of counsel), for appellant.
Blank Rome LLP, New York (Ali L. Fishbein of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about June 10, 2022, which, insofar as appealed from as limited by the briefs, granted plaintiff wife's motion to the extent of awarding child support and other arrears in the amount of $168,599.09 and counsel fees in the amount of $82,847.32, and denied defendant husband's cross-motion for a downward modification of child support obligations and to vacate the parties' postnuptial agreement and reopen the judgment of divorce, unanimously modified, on the law and the facts, the matter remanded for a recalculation of arrears and counsel fees in accordance herewith, and otherwise affirmed, without costs.
The court properly denied the husband's request to vacate the parties' postnuptial agreement on grounds of fraud. The record does not support the husband's claim that the wife misrepresented her intent to work on the marriage to induce him to enter into the agreement. Nor does the husband's contention that the wife failed to disclose stock interests in her company warrant vacatur of the agreement. Both parties were represented by experienced counsel during its negotiation (see Bradley v Bradley, 167 AD3d 489, 489 [1st Dept 2018]), and the parties explicitly agreed to waive their interest in the other's employee benefit plans, acknowledged that the other had made fair and reasonable disclosure of their respective assets and general financial status, and "voluntarily and expressly waive[d] and relinquishe[d] any right to disclosure of the property or financial circumstances of the other party beyond the disclosure provided" (see Kany v Kany, 148 AD3d 584, 584 [1st Dept 2017]).
The husband's request for a downward modification of his child support obligations was properly denied without a hearing, as he failed to make a prima facie showing of a substantial, unanticipated change in circumstances (see W.B. v D. B., 114 AD3d 551, 552 [1st Dept 2014]; Fabrikant v Fabrikant, 77 AD3d 594, 594 [1st Dept 2010]). To be entitled to a downward modification due to loss of employment, the husband must demonstrate that he was terminated from his employment through no fault of his own, and that he had diligently sought reemployment commensurate with his earning capacity (see Matter of Solomon M. v Adelaide M., 192 AD3d 424 [1st Dept 2021]; Matter of Christopher H. v Marisa S.H., 134 AD3d 469, 470 [1st Dept 2015]). Here, the husband did not submit any evidence showing that his termination was involuntary, nor did he provide the court with any information as to his current business venture that would shed light on his compensation. Further, as the motion court observed, the husband continued to maintain substantial assets and the means to meet his monthly child support obligations (see Matter of Scott S. v Stefanie L., 189 AD3d 651 [1st Dept 2020]).
However, the matter should be remanded for a recalculation of the arrears owed because, in computing the arrearage award, the court failed to take [*2]into account deposits that the husband had made into the parties' joint account during the relevant period. Upon remand, the arrearage award is to be adjusted to reflect an offset in the amount of $63,660.49, the sum that the husband deposited into the joint account from February 1, 2019 through October 7, 2019.
A recalculation of counsel fees is also warranted, as the amount awarded is unsupported by the documentation in the record (see Diamond v Diamond, 290 AD2d 270, 271 [1st Dept 2002]). The award is to be adjusted to comport with the figures reflected in the invoices submitted to the court. Counsel is, of course, free to reapply for fees with proper documentation. Contrary to the husband's contention, the absence of a postjudgment retainer agreement does not preclude recovery of counsel fees here, where the wife's counsel substantially complied with the requirements of 22 NYCRR 1400.3 and the wife clearly authorized counsel to act on her behalf (see Matter of Bernadette R. v Anthony V.L., 205 AD3d 490, 491 [1st Dept 2022]; Gross v Gross, 36 AD3d 318, 321-322 [2d Dept 2006]).
We have considered the husband's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023